### CITY OF NEW ORLEANS *v.* ALFRED ROUSSEAU.

Although the assessment roll may be considered as not having the force and effect of a final
judgment, yet a party will not be permitted in all cases to go behind it. On the contrary, he
should not be permitted so to do, unless it be shown that the party had sought in vain, or was
prevented by some valid cause from seeking the correction of the assessment roll in the manner
pointed out by law.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
*Heistand & Levy*, for plaintiffs. *Collins*, for defendant and appellant.

VOORHIES, J. We think the defendant's exception, that he has not been
legally cited, is waived by his answer, in which he avers that the description
of the lots is defective and the assessment thereof not made in accordance
with the requirements of the law.

NEW ORLEANS
*v.*
ROUSSEAU.

The only question which remains to be determined, arises out of a bill of exceptions taken by the defendant on the trial below to the opinion of the Judge, in ruling out evidence for the purpose of showing, that White and other streets, which appear on the assessment roll, as bounding the lots and squares assessed, do not exist in the Second District of New Orleans, and that some of the streets which do exist, run so as not to cross each other, and do not form a square, as set forth in the assessment roll, and that the description in the roll does not and cannot therefore correspond with any property in the district.

We do not think the Judge erred in excluding the evidence, as it could not have changed the result. The Act of 1850 prescribed the mode in which all taxable property should be assessed. The board of assessors was bound to deliver, on or before the first Monday of October, to the Recorder of the Municipality in which the district assessed was situated, and for that part of the parish of Orleans, on the right bank of the river Mississippi, to the Justice of the Peace of that District, the assessment rolls, and to give immediate notice thereof, "in order that any person aggrieved by such assessment might appeal and have the same corrected, if found incorrect." The Recorder was authorized, on the appeal of the party aggrieved, made in writing, stating particularly the correction desired, and on proof of the fact, to correct such errors and to make the roll correspond thereto. After the expiration of the delay within which such corrections were allowed to be made, the Recorder was bound to issue one of the copies of the assessment rolls to the appropriate Tax Collector of the parish of Orleans. Session Acts of 1850.

It is clear, therefore, that if the defendant, who is appellant in this case, considered himself aggrieved by the defective description of his property, or of any other error committed to his prejudice, he should have taken an appeal to have such error corrected in the manner and within the delay prescribed by that Act. It is now too late for him to do so. Although such assessment roll may be considered as not having the force and effect of a final judgment, yet we are not prepared to say, that a party should be permitted in all cases to go behind it. On the contrary, we think it should not be done, unless it be shown by cogent reasons that the party had sought in vain, or was prevented by some valid cause from seeking the relief to which he was entitled under that Act; and which, in our opinion, affords ample protection to the citizen whose property may have been improperly assessed. It does not appear in this case, that the appellant had ever made any attempt to obtain such relief.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.